OPINION
{¶ 1} Defendant-appellant, Tilethia Armenta, appeals the decision of the Warren County Common Pleas Court to deny her motion to suppress evidence. We affirm the decision of the trial court for the reasons outlined below.
 {¶ 2} Warren County Sheriff's Deputy Corey Adams stopped a vehicle in which appellant was a passenger after midnight on September 21, 2001. The vehicle, which police pulled over on a residential street, did not have a front license plate and the rear plate registration did not match the vehicle upon which it was affixed.
 {¶ 3} Deputy Adams checked the identifications of the occupants of the vehicle and discovered outstanding warrants for the male driver and male rear seat passenger. Deputy Adams arrested the two men and placed them in the back of his vehicle.
 {¶ 4} Deputy Adams asked appellant, who was seated in the front, and a female rear seat passenger to exit the vehicle because he had called a tow truck and was going to conduct an inventory search of the vehicle upon the driver's arrest.
 {¶ 5} The deputy asked appellant and the other woman to step away from the car because he did not want them standing behind him while he was searching the vehicle. The women stood behind the vehicle and in front of the deputy's cruiser. The deputy testified that he observed a partially burnt marijuana cigarette on the front passenger seat immediately after the two women exited the vehicle. Shortly thereafter, the deputy found a day planner in the front seat area of the vehicle. The deputy unzipped the day planner and discovered marijuana and drug paraphernalia inside.
 {¶ 6} The deputy walked back to his cruiser where the two men were in custody and asked them whether the day planner belonged to them. After the two men denied ownership, Deputy Adams asked the two women, "Who does this belong to?" Appellant responded that it might be hers and she was asked to take a closer look at the day planner. After viewing the day planner, appellant stated that it was hers. Deputy Adams arrested appellant.
 {¶ 7} During a subsequent pat-down of appellant, a controlled substance dropped from appellant's pant leg. Appellant was placed into another cruiser and read her Miranda rights. An additional drug was reportedly found after appellant was taken to a detention facility.
 {¶ 8} Appellant filed a motion to suppress the evidence and her statements about the day planner. The trial court denied the motion to suppress, and appellant pled no contest to and was convicted of illegal conveyance of drugs into a detention facility. This appeal followed, wherein appellant raises the following assignment of error:
 {¶ 9} "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT ARMENTA'S MOTION TO SUPPRESS ALL EVIDENCE AND STATEMENTS ARISING FROM THE UNLAWFUL CUSTODIAL INTERROGATION OF DEFENDANT-APPELLANT."
 {¶ 10} Appellant presents two arguments under this assignment. First, appellant asserts that she was a suspect and in custody after the marijuana cigarette was found and should have been Mirandized. Secondly, appellant argues that if she was not in custody, her statements were not voluntary because her will was overcome by the circumstances.
 {¶ 11} When considering a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the weight of the evidence and the credibility of witnesses. State v. Fanning
(1982), 1 Ohio St.3d 19, 20. When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's findings if they are supported by competent, credible evidence, and relies upon the trial court's ability to assess the credibility of witnesses. State v. McNamara (1997), 124 Ohio App.3d 706, 710. An appellate court, however, reviews de novo whether the trial court applied the appropriate legal standard to the facts. Id.
 {¶ 12} Before custodial interrogation occurs, a suspect must be given his Miranda rights. Custodial interrogation means questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Miranda v. Arizona (1966), 384 U.S. 436, 444, 86 S.Ct. 1602.
 {¶ 13} In determining whether an individual is in custody, a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. California v. Beheler (1983), 463 U.S. 1121, 1125,103 S.Ct. 3517.
 {¶ 14} Where the suspect has not been formally arrested, the restraint on the suspect's freedom of movement must be significant in order to constitute custody. State v. Fille, Clermont App. No. CA2001-08-066, 2002-Ohio-3879. If one is deprived of her movement by the state, she is in custody and considered under arrest, if she could not have attempted to leave. State v. Maurer (1984), 15 Ohio St.3d 239,255-56. The initial determination of whether an individual is in custody, for purposes of Miranda, depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned. Fille, citingStansbury v. California (1994), 511 U.S. 318, 323-324, 114 S.Ct. 1526.
 {¶ 15} Reviewing the totality of the circumstances surrounding the encounter, the trial court did not err in concluding that appellant was not the subject of a custodial interrogation that evening.
 {¶ 16} Appellant and another passenger were asked to exit and step away from the vehicle because the deputy would be conducting an inventory search of the vehicle before it was towed away. Appellant was not in custody. Even after the marijuana cigarette was found, there continued to be no restraint on appellant's freedom of movement associated with custody. After police arrested three of the four individuals from the vehicle, the remaining passenger reportedly walked to her home a few blocks away.
 {¶ 17} We disagree with appellant's assertions that her situation is analogous to the defendant in State v. Huening (Sept. 19, 1994), Butler App. No. CA94-01-007. The majority in Huening found that the defendant was being detained in a police cruiser in contemplation of charging her with a crime and, therefore, probable cause was necessary for the arrest. Appellant in the instant case was not placed in the police cruiser as were the two men arrested on outstanding warrants. Appellant's movement was not restrained in any way in contemplation of charging her with a crime. Appellant was standing along the road and was not in custody when police asked everyone in the vehicle to whom the day planner belonged. The trial court did not err in its findings and conclusions on the issue of custody and for purposes of Miranda
warnings.
 {¶ 18} Appellant's second argument maintains that even if she was not in custody, her statements were not voluntary because her will was overcome by the surrounding circumstances.
 {¶ 19} Although Miranda warnings were not required, appellant's confession, to be admissible, must have been voluntarily made. Fille, 2002-Ohio-3879, citing Bram v. United States (1897), 168 U.S. 532,542-543, 18 S.Ct. 183. The State bears the burden of proving by a preponderance of the evidence that the confession was voluntary. Coloradov. Connelly (1986), 479 U.S. 157, 168, 107 S.Ct. 515. Coercive police activity, which overbears the defendant's will or impairs her self-determination, is a necessary predicate to finding that a confession was involuntary. State v. Daily (1990), 53 Ohio St.3d 88, 91-92.
 {¶ 20} In determining whether a confession was involuntarily induced, the court must consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement. State v. Brewer (1990), 48 Ohio St.3d 50, 58.
 {¶ 21} Appellant asserts that five armed law enforcement officers were eventually on the scene of the stopped vehicle and their presence, coupled with the late hour of the stop and the surrounding circumstances, rendered her statements involuntary.
 {¶ 22} Deputy Adams testified that he received additional police assistance because he was dealing with a vehicle in which two individuals were being arrested for outstanding warrants.
 {¶ 23} Appellant was standing between the vehicles with the other passenger in the vehicle. The deputy indicated that most of his interaction was with the driver and the other man who were arrested on outstanding warrants. According to the deputy's testimony, he asked all occupants of the vehicle for identification; all occupants were asked to whom the day planner belonged, and appellant was asked to look more closely at the day planner after she indicated that it might be hers.
 {¶ 24} Reviewing the totality of the circumstances, the trial court did not err in ruling that the statements need not be suppressed. The circumstances surrounding the statements made by appellant were not so coercive or threatening to render such statements involuntary.
 {¶ 25} The trial court's findings were supported by competent, credible evidence. The trial court did not err in applying its legal conclusions to the facts and denying the motion to suppress. Appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.